IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HOMEGROWN BAR AND GRILL, LLC (d/b/a pending for Little Amsterdam Coffee and Cannabis Lounge), <br><br> Plaintiff, <br><br> v. <br><br> GOVERNMENT OF THE U.S. VIRGIN ISLANDS, GORDON RHEA, in his official capacity as Attorney General of the U.S. Virgin Islands; JUSTA ENCARNACION, in her official capacity as Commissioner of the U.S. Virgin Islands Department of Health; NATALIE HODGE, in her official capacity as Commissioner of the U.S. Virgin Islands Department of Licensing & Consumer Affairs; and JOANNE MOOREHEAD, in her official capacity as Executive Director of the U.S. Virgin Islands Office of Cannabis Regulation, <br><br> Defendants. | Case No. 3:26-cv-0006 |

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (motion or Mot.) (ECF No. 14), filed February 24, 2026. For purposes of Federal Rule of Civil Procedure 65(b), Plaintiff, Homegrown Bar and Grill, LLC (Homegrown), has made a sufficient showing that it has provided notice to Defendants Government of the Virgin Islands, Gordon Rhea, in his official capacity as Attorney General of the U.S. Virgin Islands; Justa Encarnacion, in her official capacity as Commissioner of the U.S. Virgin Islands Department of Health; Nathalie Hodge, in her official capacity as Commissioner of the U.S. Virgin Islands Department of Licensing & Consumer Affairs; and, Joanne Moorehead, in her official capacity as Executive Director of the U.S. Virgin Islands Office of Cannabis Regulation (collectively, Defendants) and that, unless its Motion for a Temporary Restraining Order (TRO) is granted, it will sustain immediate and irreparable

Case: 3:26-cv-00006-RAM-GAT Document #: 15 Filed: 02/25/26 Page 2 of 4

*Homegrown Bar and Grill, LLC v. Government of the Virgin Islands et al.*
Case No. 3:26-cv-0006
Order
Page **2** of **4**

injury before there is an opportunity to hear from all parties. Therefore, a TRO is justified to preserve the status quo pending a hearing. Accordingly, the Court will grant Plaintiff's motion.

It is well established that a motion for temporary restraining order should be granted only if the plaintiff establishes the following: "(1) a likelihood of 'success on the merits,' (2) a likelihood that the moving party will "suffer irreparable harm,' (3) that the 'balance of equities' weighs in the moving party's favor, and (4) that injunctive relief is in 'the public interest.'" *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 178 (3d Cir. 2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[1]

Based upon the evidence provided, the Court finds that Homegrown operates a retail establishment located at 10 Dronningens Gade on Main Street in St. Thomas, U.S. Virgin Islands, operating under the trade name "Little Amsterdam Coffee & Cannabis Lounge" (d/b/a license pending after 7 months). Further, Homegrown demonstrates that, at all times relevant to this action, it held a valid, active Hemp Products Retailer License issued by the U.S. Virgin Islands Department of Licensing and Consumer Affairs (DLCA), authorizing the retail sale of hemp-derived products at the Main Street location.

Homegrown alleges that on or about April 29, 2025,

> agents and representatives from the U.S. Virgin Islands Department of Health ('DOH'), the Department of Licensing and Consumer Affairs ("DLCA"), the Office of Cannabis Regulation ("OCR"), and the Virgin Islands Police Department ("VIPD") entered our store without a warrant, without advance notice, and without any explanation of legal authority. The agents physically entered the retail floor and storage areas of our establishment and seized hemp-derived products from our shelves and storage areas. The seized products constituted a significant portion of our active retail inventory.

---

[1] Although the *Osorio-Martinez* court articulates the standard for granting a preliminary injunction, the "standard for issuing a temporary restraining order and a preliminary injunction is the same." *Keene v. Cheeks*, Civ. No. 25-7375 (SDW) (LDW), 2026 U.S. Dist. LEXIS 13949, at *8 (D.N.J. Jan. 26, 2026) (citing *Mirashi v.Doe*, No. 25-1805, 2025 U.S. Dist. LEXIS 54141, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025) (*citing Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017))).

Case: 3:26-cv-00006-RAM-GAT    Document #: 15    Filed: 02/25/26    Page 3 of 4

*Homegrown Bar and Grill, LLC v. Government of the Virgin Islands et al.*
Case No. 3:26-cv-0006
Order
Page **3** of **4**

Affidavit of Raheem Smith in Support of Motion for Declaratory and Injunctive Relief and for Just Compensation for Unlawfully Seized Products, attached as Exhibit A to the motion (ECF No. 14-1), at 2, ¶¶ 6-7. Plaintiff further alleges that

> at the time of the April 2025 seizure, no Virgin Islands statute, regulation, or administrative order authorized the DOH or any other territorial agency to seize hemp-derived products from a licensed hemp retailer. To my knowledge, no law existed at that time—nor was any administrative order or regulatory notice issued to us—that would have permitted the government to take our hemp inventory. The products seized were federally legal under the 2018 Farm Bill and were in our possession under a valid DLCA Hemp Products Retailer License.

*Id*. at 2-3, ¶ 8.[2]

Thus, the Court finds that Plaintiff has made a sufficient showing that Defendants' April 2025 seizure of Homegrown's inventory lacks a lawful basis, and that Homegrown has a reasonable probability of success on the merits of its claims. The Court also finds that Plaintiff will sustain immediate and irreparable injury absent injunctive relief in light of the February 12, 2026, DLCA notice to Retailers of Immediate Compliance Requirement under Act No. 9072 (*see* Mot. at Exhibit C (ECF No. 14-3)) and the risk of being required to surrender control of its entire inventory to Defendants and, thus, going out of business altogether. *See* Mot. at 12-15, 22-23.

In balancing the harms, the Court finds that a TRO will impose relatively little burden on Defendants while ensuring a lawful and fair due process. As the United States Supreme Court has held, "a government violates the Takings Clause when it takes property without compensation . . ." *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 202 (2019). Because this matter involves substantial constitutional rights, the Court also finds that public interest weighs in favor of immediate injunctive relief.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Homegrown – as movant – must provide security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or

---

[2] Plaintiff provides a copy of the DOH's seizure inventory as attachment #2 to the Verified Complaint (ECF No. 1-2) and states that the "inventory accurately reflects the products that were taken from our establishment." ECF No. 14-2 at 3, ¶ 9.

Case: 3:26-cv-00006-RAM-GAT  Document #: 15  Filed: 02/25/26  Page 4 of 4

*Homegrown Bar and Grill, LLC v. Government of the Virgin Islands et al.*
Case No. 3:26-cv-0006
Order
Page **4** of **4**

restrained." Fed. R. Civ. P. 65(c). Under the circumstances of this case, the Court waives the surety requirement.

Accordingly, it is hereby

**ORDERED** that Plaintiff Homegrown Bar and Grill, LLC's Motion for Temporary Restraining Order, ECF No. 14, filed February 24, 2026, is **GRANTED**; it is further

**ORDERED** that Defendants, their agents, and anyone acting in concert or participation with Defendants are hereby **ENJOINED, PROHIBITED, and PRECLUDED** for 14 days from the date of this Order from enforcing the inventory surrender requirement of Section 3 of Act No. 9072 against Plaintiff or any other licensed hemp retailer; it is further

**ORDERED** that an evidentiary hearing on the motion for preliminary injunction, ECF No. 14, is set for **11:00 a.m., Wednesday, March 11, 2026**, in St. Thomas Courtroom 1, before the undersigned; it is further

**ORDERED** that, by no later than **March 5, 2026**, each party shall file their respective witness lists and proposed lists of exhibits; it is further

**ORDERED** that the parties shall, no later than **March 5, 2026,** submit electronic copies of all exhibits to the Clerk's Office via BOX, a secure online file sharing program. Counsel are directed to contact the Clerk's Office to obtain access to the trial folder;[3] and it is further

**ORDERED** that Plaintiff shall serve Defendant with a copy of this Order, no later than February 26, 2026, and file notice of such service with the Court.

Pursuant to Fed. R. Civ. P. 65(b)(2), this Temporary Restraining Order was issued on February 25, 2026, at 11:35 a.m.

**Dated**: February 25, 2026  /s/ *Robert A. Molloy*
 **ROBERT A. MOLLOY**
 **Chief Judge**

---

[3] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Plaintiffs' hearing exhibits shall be labelled sequentially beginning with Plaintiffs' Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A. The parties are reminded that all exhibits must be presented in electronic format and that hard copies of exhibits will be allowed only upon a showing of extenuating circumstances.